Dear Mayor Hollingsworth,
You have requested an opinion as to whether the Elton Police Department may pay a police officer his salary while he is attending a police academy. According to your request, the police officer attended four weeks of a police academy in the past at the Town's expense but he did not complete the course.[1] Now, the officer wants to attend another academy, at his own cost, but would like to receive his regular salary while attending the academy. You question whether the Town may pay the officer his salary while he is at the academy. The purpose of attending the academy is to allow the police officer to become certified by the Peace Officer Standards and Training Council (P.O.S.T.).[2] The academy will last approximately ten weeks.
A "peace officer" must become P.O.S.T. certified within one calendar year from the date of his or her initial employment. La.R.S. 40:2405(A)(1). Failure to do so results in the officer being unable to exercise the authority of a peace officer. Id. See also La. Atty. Gen. Op. No. 04-0096. *Page 2 
The answer to your question is found in La.R.S. 40:2405(F), which provides as follows:
 (1) After July 1, 2003, every governmental entity of this state intending to employ on a permanent basis a peace officer who has satisfactorily completed a certified law enforcement training course and basic firearms training program as required under this Section may, as a condition of employment, require a newly appointed peace officer to enter into a written employment contract executed prior to employment for a period of not longer than two years from the date of satisfactory completion of the certified training course and basic firearms training program.
 (2) If a peace officer who has entered into a contract authorized under this Subsection accepts employment as a peace officer with another governmental entity, the peace officer shall reimburse the governmental entity that initially hired the peace officer for the total costs incurred and expended during his or her training program, including the officer's salary paid during the training period.
 (3) The amount of reimbursement authorized by this Subsection shall be prorated based upon the percentage of time that the peace officer completed his or her employment contract. The amount of reimbursement authorized by this Subsection after the pro rata amount is calculated shall be reduced by the cost of the training provided by the Louisiana Commission on Law Enforcement and Administration of Criminal Justice.
 (4) The governmental entity which initially paid for the peace officer's law enforcement training course and basic firearms training program shall submit an itemized sworn statement to the peace officer, shall demand payment thereof, and may enforce collection of the obligation through civil remedies and procedures.
As you can see, the legislature has authorized governmental entities to enter into contracts with the peace officers they pay to train which state that if the officer leaves the employ of the entity within two years of the date that the training is complete, the officer will have to reimburse the entity "for the total costs incurred and expended during his or her training program, including the officer's salary paid during the training period." By enacting the statue quoted above, the legislature has deemed paying for the cost of training a peace officer, including paying his or her salary during the training period, to be permissible.
Accordingly, it is the opinion of this office that the Town of Elton may pay for the cost of sending an officer to the police academy to become P.O.S.T. certified as well as pay his or her salary while attending the academy. We would strongly *Page 3 
recommend that the Town consider making the provisions of La.R.S.40:2405(F) standard in all employment contracts with peace officers in order to avoid any possible violations of La.Const. art. VII, Sec. 14(A).[3]
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 BY:__________________________ Lindsey K. Hunter Assistant Attorney General
 JDC/LKH/crt
[1] This opinion does not address whether the Town of Elton has an obligation to seek reimbursement for the public funds it spent to have the officer attend the last police academy when the officer did not complete the police academy due to non-passing grades.
[2] "Peace officer" is defined by La.R.S. 40:2402(1)(a) to mean "any full-time employee of the state, a municipality, a sheriff, or other public agency, whose permanent duties actually include the making of arrests, the performing of searches and seizures, or the execution of criminal warrants, and is responsible for the prevention or detection of crime or for the enforcement of penal, traffic, or highway laws of this state, but not including any elected or appointed head of a law enforcement department." The term "peace officer" also includes "those sheriff's deputies whose duties include the care, custody, and control of inmates" and "full-time military police officers within the Military Department, State of Louisiana." La.R.S. 40:2401(1)(b)-(c).
[3] In accord are La. Atty. Gen. Op. Nos. 93-0277 and 00-0487. La. Atty. Gen. Op. No. 00-0487 addressed whether the Town of Iota had the authority to require police officers to remain employed for six months after they received training paid for by the town. The opinion concluded that, since police officers are employees of the municipality, the municipal government has the power to enact ordinances which regulate their employment, and that a requirement in the employment contract that police officers remain in the town's employ for six months following training is within the powers authorized by La.R.S. 33:362(A)(3). La. Atty. Gen. Op. No. 93-0277 concluded that employees of the Acadia Parish Sheriff's Office may be required to sign contracts stating that they would repay the department the tuition fee for P.O.S.T. training if they failed to stay with the department for a specific length of time, in order to protect the employer by preventing employees from using this costly training for the benefit of another. Although both opinions were written before the enactment of La.R.S. 40:2405(F), the result would be the same today.